# NO. 12-17-00300-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IRALA FLAKE BIGGS, JR.,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Irala Flake Biggs, Jr. appeals his conviction for forgery against the elderly. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with the offense of forgery against an elderly person, a third degree felony,[1] by intending to defraud or harm an elderly individual by altering, making, completing, executing, and authenticating a writing so it purported to be the act of the elderly individual who did not authorize the act, and the writing was a check. Appellant pleaded "guilty" to the offense charged in the indictment. Appellant and his counsel signed various documents in connection with his guilty plea, including an agreed punishment recommendation and a stipulation of evidence in which Appellant swore, and judicially confessed, that the facts alleged in the indictment were true and correct, and constituted the evidence in the case. The trial court accepted

---

[1] An offense under section 32.21 is a state jail felony if the writing is or purports to be a check. *See* TEX. PENAL CODE ANN. § 32.21(d) (West Supp. 2017). However, an offense under Section 32.21 is increased to the next higher category of offense if it is shown on the trial of the offense that the offense was committed against an elderly individual as defined by Section 22.04. *See id.* § 32.21(e-2) (West Supp. 2017).

Appellant's plea, found the evidence sufficient to substantiate Appellant's guilty plea, deferred further proceedings without entering an adjudication of guilt, and ordered that Appellant be placed on deferred adjudication community supervision for five years.

Later, the State filed a motion to adjudicate guilt, alleging that Appellant violated the terms of his community supervision. At the hearing, Appellant pleaded "true" to all the allegations in the State's motion. After a hearing, the trial court found the allegations to be "true," granted the State's motion, adjudged Appellant guilty of forgery against the elderly, and assessed his punishment at six years of imprisonment. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[2] We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

### CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted*, and the trial court's judgment is *affirmed*. *See* TEX. R. APP. P. 43.2.

---

[2] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the day the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered October 3, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 3, 2018**

**NO. 12-17-00300-CR**

**IRALA FLAKE BIGGS, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1907-13)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*